UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EARTH PRODUCTS INC., a California Corporation,

Plaintiff,

v.

GORDO ENTERPRISES INC., a Michigan Corporation, d/b/a SIDEWAYS PEOPLE, SIDEWAYSPEOPLE.COM, and GORDO SNOWBOARDS, and various JOHN DOES, JANE DOES, and ABC Companies,

Defendant.

CASE NO. C05-1847C

ORDER

This matter has come before the Court on Plaintiff's *ex parte* motion for a temporary restraining order and for an *ex parte* order authorizing seizure of certain allegedly counterfeited trademarked items. Having carefully considered Plaintiff's papers, the Court hereby DENIES the motion.

Federal Rule of Civil Procedure 65(b) permits the Court to issue an *ex parte* temporary restraining order only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be

ORDER – 1

required.

(emphasis added). 15 U.S.C. § 1116(d) permits the court, in certain situations, to issue an *ex parte* seizure and impoundment order. However, such orders may only be granted where:

> the court finds that it clearly appears from specific facts that –
>
> **(i)** an order other than an *ex parte* seizure order is not adequate to achieve the purposes of section 1114 of this title;
>
> **(ii)** the applicant has not publicized the requested seizure;
>
> **(iii)** the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;
>
> **(iv)** an immediate and irreparable injury will occur if such seizure is not ordered;
>
> **(v)** the matter to be seized will be located at the place identified in the application;
>
> **(vi)** the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and
>
> **(vii)** the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

15 U.S.C. § 1116(d)(4)(B).

Here, Plaintiff argues that the relief requested should be granted *ex parte* because "history has shown that a defendant in a trademark counterfeiting case who is notified of the commencement of a lawsuit such as this one [] will invariably hide, destroy, or transfer to another party all of the counterfeit goods and any business records related thereto in the defendant's possession." (Pl.'s Mot. 7.) It is true that in passing the *ex parte* seizure provisions of the Lanham Act, Congress specifically remarked on the propensity of "those who deal in counterfeits . . . to destroy or transfer counterfeit merchandise when a day in court is on the horizon. The ex parte seizure procedure is intended to thwart this bad faith tactic, while ensuring ample procedural protections for persons against whom such orders are issued." 130 Cong. Rec. H12076 at 12080 (Oct. 10, 1984), *quoted in* 4 McCarthy on Trademarks § 30.16[2][b].

However, despite Congress's express intent to thwart bad faith counterfeit defendants, the statute

ORDER – 2

as enacted contains several safety devices which ensures that a plaintiff may not set the ex parte seizure procedure in motion at will.  The two most relevant of these devices in this case are subsections (i) and (vii), which together require a specific finding by the Court that *ex parte* relief is necessary because the defendant would otherwise attempt to destroy, move, hide, or otherwise hide the accused items.  Courts determining whether to enter *ex parte* seizure and impoundment orders have taken these two sections to heart.  For example, in *Clorox Co. v. Inland Empire Wholesale Grocers, Inc.*, a court found that

> [i]t would not be appropriate to order [an *ex parte*] seizure against a reputable merchant, absent unusual circumstances – such as when the applicant can make a particularized showing that the merchant would be likely to defy a court order to maintain the status quo.  A reputable businessperson would not be likely to conceal or destroy evidence when notified of a pending lawsuit, and the issuance of an *ex parte* seizure order against such a person would therefore be wholly inappropriate, absent the unusual circumstances just mentioned.

874 F. Supp. 1065, 1069 (C.D. Cal. 1994) (quoting from *Gen. Elec. Co. v. Speicher*, 681 F. Supp. 1337, 1343 (N.D. Ind. 1988)).  For similar reasons, the Third Circuit Court of Appeals approved a district court's refusal to issue an *ex parte* seizure order where the plaintiff had failed to allege any particular facts about defendants (who were allegedly selling counterfeit cigarettes and thus who faced possible criminal prosecution for selling untaxed cigarettes) that tended to show that they, individually or because of their membership in a particular class of defendants, would fail to comply with a court order.  *Lorillard Tobacco Co. v. Bisan Food Corp.*, 377 F.3d 313, 321 (3d Cir. 2004); *cf. Vuitton v. White*, 945 F.2d 569, 571 (3d Cir. 1991) (finding that the unmistakable lesson from prior proceedings was that the defendant street vendors would not even appear in court after being served, let alone comply with a TRO).

      Here, Defendants have a bricks and mortar business address in addition to their websites.  This business address also loosely corresponds to the location of the post office box to which Plaintiff has sent an invoice regarding legitimate sales to Defendants.  The Court also notes that Plaintiff has conducted business with Defendants before, albeit with respect only to merchandise bearing marks not at issue in this action.  Most important, however, in light of the express language of 15 U.S.C. § 1116(d)(4)(B)(I) and (vii), is the absence of any particularized allegations that Defendants should be presumed to be of that

ORDER – 3

1  class of merchants who would fail to comply with a court order.  For these reasons, the Court finds that it
2  would be inappropriate to grant Plaintiff's motion for an *ex parte* seizure and impoundment order.
3        With respect to Plaintiff's *ex parte* motion for a temporary restraining order, the Court finds that
4  Plaintiff has failed to show why the relief requested should be granted before Defendants have an
5  opportunity to respond.
6        Plaintiff's motion is therefore DENIED.
7        Despite the Court's findings, and in an abundance of caution, Defendants are to consider
8  themselves on notice of their duty to preserve evidence that could foreseeably be relevant to this
9  litigation.  *See generally State of Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d
10 708, 720 (9th Cir. 2005) (generally approving the principle that a party to litigation bears a general
11 obligation to preserve evidence).  This evidence includes, but is not limited to any goods which bear
12 Plaintiff's trademarks or any counterfeit or colorable imitation thereof, and any business records relating
13 to such goods.
14       SO ORDERED this 9th day of November, 2005.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

26 ORDER – 4